```
E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
DAN G. BOYLE (Cal. State Bar No. 332518)
Assistant United States Attorney
Environmental Crimes & Consumer Protection Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2426
     Facsimile: (213) 894-3713
     E-mail:    Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-CR-00579-DMG |
| Plaintiff, | <u>GOVERNMENT'S EX PARTE APPLICATION FOR FINAL ORDER OF FORFEITURE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAN G. BOYLE</u> |
| v. | |
| MATTHEW FUNKE, | |
| Defendant. | <u>No Hearing Required</u> |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff United States of America hereby applies *ex parte* for entry of the [Proposed] a Final Order of Forfeiture lodged contemporaneously herewith, relating to the interests of all potential third-party claimants to property ("Forfeited Property") that was ordered forfeited as to defendant Matthew Funke ("Funke")

1

in the Preliminary Order of Forfeiture entered by the Court on April 22, 2022.  (ECF No. 31).

The ancillary proceeding required by Rule 32.2(c) of the Federal Rules of Criminal Procedure to forfeit the interests of any third parties in the Forfeited Property has concluded.  Entry of the proposed final order of forfeiture is proper because the public notice provisions governing criminal forfeiture have been satisfied, and the time for filing such claims has expired.  Therefore, the proposed Final Order of Forfeiture should be entered, quieting title to the Forfeited Property in the government, to be disposed of in accordance with law.

This application is supported by the accompanying Memorandum of Points and Authorities; the Declaration of Dan G. Boyle; and all other papers previously filed in this action.

//
//
//

This application is made *ex parte* without notice to defendant Funke, because he may not object to the entry of the order, his interest in the Forfeited Property having been forfeited. Fed. R. Crim. P. 32.2(b)(3); 32.2(c)(2) (defendant may not object on behalf of a third party). Defendant's interest in the Forfeited Property was forfeited to the United States by an agreement between the parties and filed with the Court on December 15, 2021. (ECF. No. 9).

Dated: May 22, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section

          /s/
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On April 22, 2022, the Court entered a Preliminary Order of Forfeiture (POF), forfeiting all right, title, and interest of defendant Matthew Funke ("defendant") in the following property (the "Forfeitable Property"): $137,544.00 in United States Currency seized from defendant's residence on or about February 7, 2020.

Defendant was sentenced on September 16, 2022. (*See* ECF No. 39).

The POF authorized the government, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, to take custody of the Forfeitable Property, and instructed the government to begin an "ancillary proceeding" pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure, during which third parties were given an opportunity to claim an interest in the Forfeitable Property and seek to have their interests adjudicated pursuant to Rule 32.2(c). (*See* ECF No. 31).  To that end, the government was ordered to (a) publish notice of the POF; and (b) to the extent practicable, provide written notice to any person known to have an alleged interest in the Forfeitable Property.  *Id.*  Under Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the POF becomes final as to the defendant at the time of his sentencing.

The government has complied with its obligations.  Beginning on May 5, 2022 and ending on June 3, 2022, the United States caused to be published on an official government internet site

(www.forfeiture.gov) notice of the forfeiture of the Forfeitable Property, (*See* ECF. No. 32), the intent of the United States to dispose of the Forfeitable Property in accordance with the law and as specified in the POF, and further notifying all eligible third parties of their right to petition the Court within thirty days for a hearing to adjudicate the validity of their alleged legal interest in the Forfeitable Property.  (Boyle Decl. ¶ 3).

## II. NO THIRD-PARTY CLAIMS WERE FILED

The time for the filing of any other third party claims expired on July 4, 2022.  As no other third-party claims remain, the ancillary proceeding has concluded and there are no claims or issues to adjudicate.  (Boyle Decl. ¶ 4).

## III. THE FORFEITED PROPERTY SHOULD BE DECLARED FINALLY FORFEITED

"When the ancillary proceeding ends, the court must enter a final order of forfeiture . . . If no third party filed a timely petition, the preliminary order becomes the final order of forfeiture if the court finds that the defendant . . . had an interest in the property that is forfeitable . . ." Fed. R. Crim. P. 32.2(c)(2).  The Advisory Committee Notes (2000) for this provision counsel that "[i]n making this decision, the court may rely upon reasonable inferences.  For example, the fact that the defendant used the property in committing the crime and no third party claimed an interest in the property may give rise to the inference that the defendant had a forfeitable interest in the property."

Here, the Court has already found that the Forfeitable Property was involved in an illegal sports gambling business for which defendant pled guilty.  (ECF. No. 9).  There are no third petitions

in the ancillary proceeding and there is no reason to doubt that the defendant had an interest in the Forfeitable Property.

**IV. CONCLUSION**

For the foregoing reasons, government respectfully requests that the Court enter the proposed Final Order of Forfeiture.

DATED: May 22, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and
Recovery Section

_____/s/_____
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

6

**DECLARATION OF DAN G. BOYLE**

I, Dan G. Boyle, declare as follows:

1. I am an Assistant United States Attorney in the Central District of California and am responsible for the representation of the government's interest in the instant forfeiture proceedings in *United States of America v. Matthew Funke*, 2:21-cr-00579-DMG. I make this declaration based upon my personal knowledge and that gained following my review of official government files.

2. On April 22, 2022, the Court entered a Preliminary Order of Forfeiture (POF). (*See* ECF. No. 31). Under Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the POF becomes final as to the defendant at the time of his sentencing.

3. Beginning on May 5, 2022 and ending on June 3, 2022, the United States caused to be published on an official government internet site (www.forfeiture.gov) notice of the forfeiture of the specific property listed in the POF (*See* ECF No. 32), the intent of the United States to dispose of the specific property in accordance with the law and as specified in the POF, and further notifying all eligible third parties of their right to petition the Court within thirty days for a hearing to adjudicate the validity of their alleged legal interest in the specific property.

4. The time for the filing of any other third party claims expired on July 4, 2024. As no other third-party claims remain, the ancillary proceeding has concluded and there are no claims or issues to adjudicate.

\\\
\\\

I declare under penalty of perjury, under the laws of the United States of America, that to the best of my knowledge, the foregoing is true and correct.

Executed on May 22, 2024, in Los Angeles, California.

                                    */s/*
                              DAN G. BOYLE